UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RAUL INTRIAGO, SEAN BRANCH, and KARIM ELKHOLY

                     Plaintiff,

-against-

SHAAN TRUCK LINE INC, KULWINDER SINGH, SHANE GEON CHEE, and EMILIO JAMES TRUJILLO

                     Defendants.
------------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Civil No.:

PLEASE TAKE NOTICE, that Plaintiffs, by and through their attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**, with offices at 32 Old Slip, 8th Floor, New York, New York 10005, complaining of the Defendants, respectfully alleges as follows:

## NATURE OF THE ACTION

1. This action arises in part under the Diversity jurisdiction of this Court, which is invoked pursuant to 28 U.S.C. §1332, to hold Defendants **SHAAN TRUCK LINE INC**, **KULWINDER SINGH, SHANE GEON CHEE, and EMILIO JAMES TRUJILLO** accountable for their negligence, negligence per se, carelessness, and recklessness in the ownership and operation of certain motor vehicles, which caused the vehicle occupied by Plaintiffs **RAUL INTRIAGO, SEAN BRANCH** and **KARIM ELKHOLY** to be struck on Interstate 40 eastbound at or near milepost 69, Mohave County, State of Arizona, on or about May 27, 2021, resulting in serious and permanent personal injuries and damages to the Plaintiffs **RAUL INTRIAGO, SEAN BRANCH** and **KARIM ELKHOLY**. The amount in controversy exceeds the jurisdictional limits.

2. This action also arises in part from defendants **SHAAN TRUCK LINE INC, KULWINDER SINGH, SHANE GEON CHEE, and EMILIO JAMES TRUJILLO's** reckless, negligent, and negligent per se ownership, operation, management, maintenance, care and control of their motor vehicles that caused severe, substantial and permanent personal injuries to the Plaintiffs.

## JURISDICTION AND VENUE

3. Diversity jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332. The amount in controversy exceeds the jurisdictional limits.

4. Venue herein is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391.

## THE PARTIES

5. At all times herein mentioned, the Plaintiff **RAUL INTRIAGO** was and still is a resident of the County of Queens, State of New York.

6. At all times herein mentioned, the Plaintiff **SEAN BRANCH** was and still is a resident of the County of Nassau, State of New York.

7. At all times herein mentioned, the Plaintiff **KARIM ELKHOLY** was and still is a resident of the County of Queens, State of New York.

8. Defendant **SHAAN TRUCK LINE INC**, was, and still is, a domestic business corporation duly organized and authorized under and by virtue of the laws of the State of California.

9. Defendant **SHAAN TRUCK LINE INC**, was, and still is, a foreign business corporation duly organized and authorized to do business in the State of California.

10. Defendant **SHAAN TRUCK LINE INC**, was, and still is, a foreign corporation duly organized and existing under and by virtue of the laws of the State of California.

11. Defendant **SHAAN TRUCK LINE INC**, maintains a principal place of business in the County of Stanislaus, State of California.

12. At all times hereinafter mentioned, Defendant **KULWINDER SINGH** was and still is a resident of the County of Stanislaus, State of California.

13. At all times hereinafter mentioned, Defendant **SHANE GEON CHEE** was and still is a resident of the County of Navajo, State of Arizona.

14. At all times hereinafter mentioned, Defendant **EMILIO JAMES TRUJILLO** was and still is a resident of the County of San Francisco, State of California.

## AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE PER SE AND NEGLIGENCE

15. At all times hereinafter mentioned, and on May 27, 2021, Defendant **SHAAN TRUCK LINE INC,** owned a 2019 Freight Truck motor vehicle bearing California State license plate number XP39399.

16. At all times hereinafter mentioned, the aforementioned 2019 Freight Truck motor vehicle was used by employees of the Defendant, **SHAAN TRUCK LINE INC**, in the course of and within the scope of their employment.

17. At all times hereinafter mentioned, and on the date of May 27, 2021, Defendant **KULWINDER SINGH** was an employee of Defendant **SHAAN TRUCK LINE INC**.

18. At all times hereinafter mentioned, and on May 27, 2021, Defendant **KULWINDER SINGH** operated the aforesaid 2019 Freight Truck motor vehicle bearing California State license plate number XP39399 with the permission, knowledge and consent of its owner, **SHAAN TRUCK LINE INC**

19. Upon information and belief, at all times hereinafter mentioned and on May 27, 2021, **KULWINDER SING**, operated the aforementioned 2019 Freight truck motor vehicle in the course of, and within the scope of, his employment by Defendant **SHAAN TRUCK LINE INC**.

20. At all times hereinafter mentioned, and on May 27, 2021, Defendant **SHAAN TRUCK LINE INC,** maintained the aforesaid Freight truck motor vehicle.

21. At all times hereinafter mentioned, and on May 27, 2021, Defendant **KULWINDER SINGH** maintained the aforesaid Freight truck motor vehicle.

22. At all times hereinafter mentioned, and on May 27, 2021, Defendant **SHAAN TRUCK LINE INC,** managed the aforesaid Freight truck motor vehicle.

23. At all times hereinafter mentioned, and on May 27, 2021, Defendant **KULWINDER SINGH** managed the aforesaid Freight truck motor vehicle.

24. At all times hereinafter mentioned, and on May 27, 2021, Defendant **SHAAN TRUCK LINE INC,** controlled the aforesaid Freight truck motor vehicle.

25. At all times hereinafter mentioned, and on May 27, 2021, Defendant **KULWINDER SINGH** controlled the aforesaid Freight truck motor vehicle.

26. At all times hereinafter mentioned, and on May 27, 2021, Defendant **SHANE GEON CHEE,** owned a 2019 Nissan motor vehicle bearing Arizona State license plate number H8A6BFA.

27. At all times hereinafter mentioned, and on May 27, 2021, Defendant **SHANE GEON CHEE,** maintained the 2019 Nissan motor vehicle bearing Arizona State license plate number H8A6BFA.

28. At all times hereinafter mentioned, and on May 27, 2021, Defendant **SHANE GEON CHEE,** managed the 2019 Nissan motor vehicle bearing Arizona State license plate number H8A6BFA.

29. At all times hereinafter mentioned, and on May 27, 2021, Defendant **SHANE GEON CHEE**, controlled the 2019 Nissan motor vehicle bearing Arizona State license plate number H8A6BFA.

30. At all times hereinafter mentioned, and on May 27, 2021, Defendant **EMILIO JAMES TRUJILLO,** owned a 2004 Lexus motor vehicle bearing California State license plate number 5EEA631.

31. At all times hereinafter mentioned, and on May 27, 2021, Defendant **EMILIO JAMES TRUJILLO,** maintained the aforesaid 2004 Lexus motor vehicle bearing California State license plate number 5EEA631.

32. At all times hereinafter mentioned, and on May 27, 2021, Defendant **EMILIO JAMES TRUJILLO,** managed the aforesaid 2004 Lexus motor vehicle bearing California State license plate number 5EEA631.

33. At all times hereinafter mentioned, and on May 27, 2021, Defendant **EMILIO JAMES TRUJILLO**, controlled the aforesaid 2004 Lexus motor vehicle bearing California State license plate number 5EEA631.

34. At all times hereinafter mentioned and on May 27, 2021, Plaintiff **RAUL INTRIAGO**, was the operator of a certain 2020 Nissan motor vehicle bearing Oklahoma State license plate number NBR6927.

35. At all times hereinafter mentioned and on May 27, 2021, Plaintiff **SEAN BRANCH**, was the passenger of a certain 2020 Nissan motor vehicle bearing Oklahoma State license plate number NBR6927 operated by Plaintiff **RAUL INTRIAGO**.

36. At all times hereinafter mentioned and on May 27, 2021, Plaintiff **KARIM ELKHOLY**, was the passenger of a certain 2020 Nissan motor vehicle bearing Oklahoma State license plate number NBR6927 operated by Plaintiff **RAUL INTRIAGO**.

37. At all times herein mentioned, Interstate 40 eastbound at or near milepost 69, Mohave County, State of Arizona were public roadways, streets and/or thoroughfares.

38. On or about the May 27, 2021, Defendant **KULWINDER SINGH**, was operating the aforesaid 2019 Freight truck motor vehicle on Interstate 40 eastbound at or near milepost 69, Mohave County, State of Arizona.

39. On or about May 27, 2021, the 2019 Freight truck motor vehicle operated by Defendant **KULWINDER SINGH** and owned by Defendant **SHAAN TRUCK LINE INC** came into contact with the 2020 Nissan vehicle operated by Plaintiff **RAUL INTRIGANO**.

40. On or about May 27, 2021, the 2019 Freight truck motor vehicle operated by Defendant **KULWINDER SINGH** and owned by Defendant **SHAAN TRUCK LINE INC** came into contact with the 2020 Nissan vehicle operated by Plaintiff **RAUL INTRIAGO** wherein Plaintiff **SEAN BRANCH** was a passenger.

41. On or about May 27, 2021, the 2019 Freight truck motor vehicle operated by Defendant **KULWINDER SINGH** and owned by Defendant **SHAAN TRUCK LINE INC** came into contact with the 2020 Nissan vehicle operated by Plaintiff **RAUL INTRIAGO** wherein Plaintiff **KARIM ELKHOLY** was a passenger.

42. On or about May 27, 2021, immediately before the 2019 Freight truck motor vehicle operated by Defendant **KULWINDER SINGH** and owned by Defendant **SHAAN TRUCK LINE INC** came into contact with the 2020 Nissan vehicle operated by Plaintiff **RAUL INTRIAGO,** wherein **SEAN BRANCH** and **KARIM ELKHOLY** were passengers, the 2004 Lexus motor vehicle bearing California State license plate number 5EEA631, owned and operated by Defendant **EMILIO JAMES TRUJILLO** negligently stopped suddenly and without warning in front of Plaintiffs.

43. On or about May 27, 2021, immediately before the 2019 Freight truck motor vehicle operated by Defendant **KULWINDER SINGH** and owned by Defendant **SHAAN TRUCK LINE INC** came into contact with the 2020 Nissan vehicle operated by Plaintiff **RAUL INTRIAGO,** wherein **SEAN BRANCH** and **KARIM ELKHOLY** were passengers, 2019 Nissan motor vehicle bearing Arizona State license plate number H8A6BFA, owned and operated by Defendant **SHANE GEON CHEE** negligently stopped suddenly and without warning in front of Plaintiffs.

44. The aforesaid collision and resulting injuries sustained by Plaintiff **RAUL INTRIAGO** was caused by the negligence, negligence per se, carelessness, and recklessness of the Defendants in the ownership, operation, management, repair, control, and supervision of their motor vehicles, in that they caused, permitted and allowed their motor vehicle to be operated over and along a public roadway without paying the requisite and proper attention to oncoming traffic at a fast, excessive, and/or greater rate of speed than care and caution would permit under the circumstances and conditions then and there existing and/or at a greater rate of speed so as not to be able to stop, steer and/or avoid the collision. Defendants were further negligent in failing to use and apply adequate and proper brakes, steering and signaling mechanisms; in failing to observe and abide by

the Rules of the Road; in failing to observe and/or abide by posted speed limits; in making an improper and/or unsafe turn; in failing to yield the right of way; in failing to operate their motor vehicle in a safe manner in light of the roadway and traffic conditions then and there existing; in failing to give ample warning that they were stopping their vehicles, in suddenly stopping their vehicles in the middle of the roadway, in stopping short, in failing to exercise forbearance; in striking Plaintiff's vehicle; in failing to keep a reasonably adequate and proper lookout and /or to be reasonably alert at all times; in failing to stop, slow down, steer or veer so as to avoid this collision; in failing to keep their vehicle in a safe and operable condition; and in that under all the facts and circumstances herein enumerated, including acts of omission and commission, Defendants were careless, reckless, and negligent.

45. The aforesaid collision and resulting injuries sustained by Plaintiff **SEAN BRANCH** was caused by the negligence, negligence per se, carelessness, and recklessness of the Defendants in the ownership, operation, management, repair, control, and supervision of their motor vehicles, in that they caused, permitted and allowed their motor vehicle to be operated over and along a public roadway without paying the requisite and proper attention to oncoming traffic at a fast, excessive, and/or greater rate of speed than care and caution would permit under the circumstances and conditions then and there existing and/or at a greater rate of speed so as not to be able to stop, steer and/or avoid the collision.  Defendants were further negligent in failing to use and apply adequate and proper brakes, steering and signaling mechanisms; in failing to observe and abide by the Rules of the Road; in failing to observe and/or abide by posted speed limits; in making an improper and/or unsafe turn; in failing to yield the right of way; in failing to operate their motor vehicle in a safe manner in light of the roadway and traffic conditions then and there existing; in failing to give ample warning that they were stopping their vehicles, in suddenly stopping their vehicles in

the middle of the roadway, in stopping short, in failing to exercise forbearance; in striking Plaintiff's vehicle; in failing to keep a reasonably adequate and proper lookout and /or to be reasonably alert at all times; in failing to stop, slow down, steer or veer so as to avoid this collision; in failing to keep their vehicle in a safe and operable condition; and in that under all the facts and circumstances herein enumerated, including acts of omission and commission, Defendants were careless, reckless, and negligent.

46.     The aforesaid collision and resulting injuries sustained by Plaintiff **KARIM ELKHOLY** was caused by the negligence, negligence per se, carelessness, and recklessness of the Defendants in the ownership, operation, management, repair, control, and supervision of their motor vehicles, in that they caused, permitted and allowed their motor vehicle to be operated over and along a public roadway without paying the requisite and proper attention to oncoming traffic at a fast, excessive, and/or greater rate of speed than care and caution would permit under the circumstances and conditions then and there existing and/or at a greater rate of speed so as not to be able to stop, steer and/or avoid the collision.  Defendants were further negligent in failing to use and apply adequate and proper brakes, steering and signaling mechanisms; in failing to observe and abide by the Rules of the Road; in failing to observe and/or abide by posted speed limits; in making an improper and/or unsafe turn; in failing to yield the right of way; in failing to operate their motor vehicle in a safe manner in light of the roadway and traffic conditions then and there existing; in failing to give ample warning that they were stopping their vehicles, in suddenly stopping their vehicles in the middle of the roadway, in stopping short, in failing to exercise forbearance; in striking Plaintiff's vehicle; in failing to keep a reasonably adequate and proper lookout and /or to be reasonably alert at all times; in failing to stop, slow down, steer or veer so as to avoid this collision; in failing to keep their vehicle in a safe and operable condition; and in that

under all the facts and circumstances herein enumerated, including acts of omission and commission, Defendants were careless, reckless, and negligent.

47.     The aforesaid occurrence took place without any negligence on the part of the Plaintiffs and occurred solely as a result of the negligence of the Defendants.

48.     Solely by reason of the negligence of the Defendants, the Plaintiff, **RAUL INTRIAGO**, was caused to be and was violently thrown in and about the motor vehicle and against various parts thereof and was caused to sustain serious and severe personal injuries; and that the Plaintiff was rendered sick, sore, lame, and disabled; was caused to suffer, did suffer and, upon information and belief, will continue to suffer great bodily and mental pain; and that plaintiff was compelled to incur diverse obligations in an effort to cure himself of said injuries; and upon information and belief, the Plaintiff's injuries are of a permanent nature.

49.     Solely by reason of the negligence of the Defendants, the Plaintiff, **SEAN BRANCH**, was caused to be and was violently thrown in and about the motor vehicle and against various parts thereof and was caused to sustain serious and severe personal injuries; and that the Plaintiff was rendered sick, sore, lame, and disabled; was caused to suffer, did suffer and, upon information and belief, will continue to suffer great bodily and mental pain; and that plaintiff was compelled to incur diverse obligations in an effort to cure himself of said injuries; and upon information and belief, the Plaintiff's injuries are of a permanent nature.

50.     Solely by reason of the negligence of the Defendants, the Plaintiff, **KARIM ELKHOLY**, was caused to be and was violently thrown in and about the motor vehicle and against various parts thereof and was caused to sustain serious and severe personal injuries; and that the Plaintiff was rendered sick, sore, lame, and disabled; was caused to suffer, did suffer and, upon information and belief, will continue to suffer great bodily and mental pain; and that plaintiff was compelled to

incur diverse obligations in an effort to cure himself of said injuries; and upon information and belief, the Plaintiff's injuries are of a permanent nature.

51.     That Plaintiff, **RAUL INTRIAGO,** sustained serious injuries as defined by the applicable laws to this case.

52.     That Plaintiff, **SEAN BRANCH,** sustained serious injuries as defined by the applicable laws to this case.

53.     That Plaintiff, **KARIM ELKHOLY,** sustained serious injuries as defined by the applicable laws to this case.

54.     That Plaintiff, **RAUL INTRIAGO** , sustained serious injuries and economic loss greater than basic economic loss as defined by the applicable laws to this case.

55.     That Plaintiff, **SEAN BRANCH** , sustained serious injuries and economic loss greater than basic economic loss as defined by the applicable laws to this case.

56.     That Plaintiff, **KARIM ELKHOLY** , sustained serious injuries and economic loss greater than basic economic loss as defined by the applicable laws to this case.

57.     That this action falls within one or more of the exceptions set forth in CPLR §1602, specifically §1602(2)(iv),(6),(7) and (11).

58.     That by reason of the foregoing, Plaintiff, **RAUL INTRIAGO** , has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

59.     That by reason of the foregoing, Plaintiff, **SEAN BRANCH** , has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

60.     That by reason of the foregoing, Plaintiff, **KARIM ELKHOLY**, has been damaged in a

sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENT HIRING, TRAINING, AND RETENTION

61. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "60" together with the same force and effect as though each were set forth fully at length herein.

62. That defendant **SHAAN TRUCK LINE INC** is vicariously liable for its employee **KULWINDER SINGH's** negligent and /or intentional acts of operating a certain motor vehicle, while in the course of his employment as those acts and the employee's conduct was generally foreseeable and a natural consequence of the employment.

63. That defendant **SHAAN TRUCK LINE INC** negligently hired and/ or retained Defendant **ARNULFO ORTIZ** with knowledge of Defendant employee's propensity for the type of behavior which resulted in plaintiffs' injuries in this action.

64. That defendant **SHAAN TRUCK LINE INC** negligently hired and/ or retained defendant **KULWINDER SINGH** in a position to cause foreseeable harm, which plaintiffs would not have been subjected to had Defendant taken reasonable care in supervising, training or retaining the defendant employee **KULWINDER SINGH.**

65. That defendant **SHAAN TRUCK LINE INC** negligently failed to properly train and /or supervise defendant **KULWINDER SINGH** which caused plaintiffs' injuries in this action.

66. That by reason of the foregoing, plaintiffs **RAUL INTRIAGO, SEAN BRANCH,** and **KARIM ELKHOLY** sustained severe and permanent personal injuries and was otherwise damaged.

67.     That plaintiffs **RAUL INTRIAGO, SEAN BRANCH,** and **KARIM ELKHOLY** sustained serious injuries as defined by the laws applicable to this case.

68.     That plaintiffs **RAUL INTRIAGO, SEAN BRANCH,** and **KARIM ELKHOLY** sustained serious injuries and economic loss greater than basic economic loss as defined by the laws applicable to this case.

69.     That this action falls within one or more of the exceptions set forth in CPLR§ 1602.

70.     By reason of the foregoing, the Plaintiff **RAUL INTRIAGO**, has sustained damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS.

71.     By reason of the foregoing, the Plaintiff **SEAN BRANCH** , has sustained damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS.

72.     By reason of the foregoing, the Plaintiff **KARIM ELKHOLY**, has sustained damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully demands judgment against the Defendants as follows:

In all causes of action, judgment in favor of Plaintiffs, **RAUL INTRIAGO, SEAN BRANCH** and **KARIM ELKHOLY**, in the sum of TEN MILLION ($10,000,000.00) DOLLARS for each Plaintiff.

All together with costs and disbursements of this action, and any other relief this Court deems just and proper.

Dated: New York, New York
        January 21, 2022

                                Yours, etc.,
                                THE LAW OFFICES OF MICHAEL S. LAMONSOFF

By: __/s /_____
JASON LESNEVEC
Attorney for Plaintiffs
RAUL INTRIAGO, SEAN BRANCH, and KARIM ELKHOLY
32 Old Slip
New York, New York 10005
(212) 962-1020

## ATTORNEY'S VERIFICATION

JASON LESNEVEC, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:      I am an attorney at LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC, attorneys of record for Plaintiffs, RAUL INTRIAGO , SEAN BRANCH and KARIM ELKHOLY.  I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

   This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.


DATED:	New York, New York
	January  21, 2022


                                              ____/s/_____
                                              JASON LESNEVEC, ESQ